UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No. 17-cv-668-JPG |
| JAMES BURKS, individually and d/b/a Burks Hardwood Lumber, and ROBERT WHITE, | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Scottsdale Insurance Company's ("Scottsdale") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 52). Scottsdale seeks a declaration that it owes no duty to defend or indemnify defendant James Burks, d/b/a Burks Hardwood Lumber,[1] in an underlying state court action brought by defendant Robert White for retaliatory discharge. Burks has responded to the motion (Doc. 53), and White has adopted Burks's response (Doc. 54).

**I.      Judgment on the Pleadings Standard**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a

---

[1] The parties' filings suggest Burks, in his individual capacity, and Burks, d/b/a as Burks Hardwood Lumber, are two different entities or parties. This is not so. A Nebraska district court nicely described the significance – or insignificance, as the case may be – of a "d/b/a" designation:
> The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.

*Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977), *aff'd*, 578 F.2d 721 (8th Cir. 1978).

claim, that is, whether the pleadings contain facts that allow the reasonable inference that the defendant is liable for the misconduct alleged.  *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all inferences in favor of the plaintiff.  *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

## II.     Facts in Pleadings

The pleadings in this case establish the following relevant facts for the purpose of this motion.

White was an employee of Burks's sawmill in Vernon, Illinois.  In August 2015, while White was on the job cleaning an industrial machine, another employee turned the machine on, causing three fingers on White's left hand to be severed.  White hired a lawyer to file a workers' compensation suit in March 2016, and Burks terminated his employment a month later.  White believed he was terminated in violation of 820 ILCS 305/4(h) in retaliation for filing a workers' compensation claim, so he filed a lawsuit in the Circuit Court for the Fourth Judicial Circuit, Marion County, Illinois:  *Robert White v. James Burks*, No. 2017-L-11.  That lawsuit now alleges a single claim—retaliatory discharge—and seeks damages for "pecuniary loss, economic and compensatory damages, and physical, mental and emotional pain and suffering."  White Compl. ¶ 11 (Doc. 39-2 at 3).

Burks tendered the defense of White's underlying lawsuit to Scottsdale, which had issued Burks a commercial general liability insurance policy ("Policy") covering the time of White's

hand injury.  The Policy provides that Scottsdale will defend and indemnify Burks for sums he becomes liable to pay for covered "bodily injury."  Policy 1, Section I ¶ 1.a (Doc. 39-1 at 17). The Policy further defines "bodily injury" as "bodily injury, sickness or disease sustained by a person."  Policy 13, Section V ¶ 3 (Doc. 39-1 at 29).

However, the Policy contains the following exclusions from coverage:

> **2.** **Exclusions**
>
> This insurance does not apply to:
>
> **a. Expected Or Intended Injury**
>
> "Bodily injury . . . expected or intended from the standpoint of the insured. . . .
>
> * * *
>
> **d.** **Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e.** **Employer's Liability**
>
> "Bodily injury" to:
> (1)  An "employee" of the insured arising out of and in the course of:
> (a)  Employment by the insured; or
> (b)  Performing duties related to the conduct of the insured's business; . . .
>
> * * *
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

Policy 2 (Doc. 39-1 at 18).  The Policy also includes an Employment-Related Practices Exclusion Endorsement ("ERP Exclusion"), which provides that the policy does not apply to "bodily injury" to "[a] person arising out of any . . . (b) Termination of that person's employment; or (c) Employment-related practices, policies, acts or omissions. . . ."  ERP Exclusion ¶ A(1) (Doc. 39-1 at 35).

Scottsdale rejected Burks's tender of defense on May 31, 2017, and filed this lawsuit less than a month later.  In this suit it asks the Court to declare that it owes no duty to defend or

indemnify Burks because White's termination injury was an economic loss rather than a "bodily injury" caused by an "occurrence;" because of the Workers' Compensation Exclusion ("Exclusion d"), the Employer's Liability Exclusion ("Exclusion e"), and the Expected Or Intended Injury Exclusion ("Exclusion a"); and because of the ERP Exclusion.

In its motion for judgment on the pleadings, Scottsdale argues that injuries from wrongful termination are not "bodily injuries" covered by the Policy, and even if they were, they would be excluded from coverage by the Workers' Compensation Exclusion and the ERP Exclusion. Burks maintains that White's underlying lawsuit alleges a cause of action potentially within the scope of the Policy coverage because it seeks damages for "bodily injury."  Burks further argues that the ERP Exclusion does not apply because White's claim is not based on "employment-related practices, policies, acts or omissions," and because he was not "terminated" but laid off. *See* ERP Exclusion ¶ A(1)(b) & (c) (Doc. 39-1 at 35).  Finally, he asserts that since White's underlying lawsuit does not seek workers' compensation benefits, Exclusion d does not apply.

**III.   Analysis**

Under Illinois law, which all parties agree applies to this action, an insurer has an obligation to defend its insured in an underlying lawsuit if the complaint in the underlying lawsuit alleges facts potentially within the coverage of the insurance policy, even if the allegations end up being groundless, false or fraudulent.  *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005).  To determine if the underlying suit alleges a situation potentially within the insurance coverage, the Court compares the complaint to the relevant provisions of the insurance policy.  *Id.*  If any theory of recovery in the underlying complaint falls within the insurance coverage, the insurer will have a duty to defend. *Id.*  The duty to defend is broader than the duty to indemnify.  *Pekin Ins. Co. v. Wilson*, 930

N.E.2d 1011, 1017 (Ill. 2010); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1220 (Ill. 1992).  Therefore, if the Court concludes there is no duty to defend, there is necessarily no duty to indemnify.  *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010).

Under Illinois law, interpretation of an insurance policy, even an ambiguous policy, is a matter of law.  *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993); *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998).  In interpreting a policy, the Court must attempt to effectuate the parties' intention as expressed by the policy.  *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006).  If the policy is unambiguous, the Court must construe it according to the plain and ordinary meaning of its terms.  *Id.*  On the other hand, if the policy is ambiguous, the Court must construe all ambiguities in favor of the insured and against the insurer, who drafted the policy.  *Id.*  In comparing the policy and the underlying complaint, the Court must construe the documents liberally in favor of the insured.  *Country Mut. Ins. Co. v. Carr*, 867 N.E.2d 1157, 1160 (Ill. App. Ct. 2007).  Generally, the insured bears the burden of proving the claim is covered under a policy's grant of coverage, and the insurer bears the burden of proving an exclusion applies.  *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009).

The Court now turns to the question of whether the complaint in White's underlying lawsuit alleges claims potentially covered by the Policy.  The parties do not dispute that the sole claim remaining in the underlying lawsuit is for wrongful discharge[2] in retaliation for filing a

---

[2] Burks urges the Court to look at the answer in the underlying lawsuit, which asserts that White was not discharged but laid off.  He cites no authority for the Court to determine insurance coverage for an underlying claim based on the *answer* in the underlying action in addition to the complaint.  In the absence of any citation to authority that consideration of the underlying answer is permitted in the declaratory judgment coverage action, the Court finds Burks has waived that

claim for benefits under Illinois workers' compensation law.³  White alleges that as a consequence of this wrongful discharge, he suffered monetary loss as well as "physical, mental and emotional pain and suffering," 1st Am. Compl. ¶ 11 (Doc. 39-2 at 3), injuries Burks believes constitute "bodily injury" under the Policy.

The Court is hard-pressed to see how the pain and suffering one might suffer simply from being wrongfully terminated could constitute "bodily injury, sickness or disease sustained by a person."  Policy 13, Section V ¶ 3 (Doc. 39-1 at 29).  It is true that Illinois courts have found "bodily injury" defined only as "*injury*, sickness or disease sustained by a person" could include *any* injury, including nonphysical harm.  *Univ. of Ill. v. Cont'l Cas. Co.*, 599 N.E.2d 1338, 1352-53 (Ill. App. Ct. 1992).  However, where "bodily injury" is defined—as in the Policy—as "*bodily injury*, sickness or disease sustained by a person," it is limited to actual physical harm (and possibly mental anguish arising from that physical harm).  *Id.*  So without actual physical harm, "bodily injury" as defined in the Policy does not include the kind of pain and suffering ordinarily suffered because of a wrongful termination.  *Id.*  And although he uses the phrase "physical . . . pain and suffering," White alleges no facts supporting a reasonable inference that he suffered any actual physical harm from his termination, so he has not alleged he suffered "bodily injury" covered by the Policy.

---

argument.  *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (arguments that are "underdeveloped, conclusory, or unsupported by law" are waived).

³ The Court notes that White pled in his *original* underlying complaint (Doc. 1-2) causes of action clearly alleging bodily injury from his severed fingers.  However, Burks has not asserted that the claims in the original underlying complaint triggered Scottsdale's duty to defend.  It appears likely that those claims would be excluded from coverage by Exclusions d and e since they appear to seek damages for injuries compensable under workers' compensation law and the occurred during and in the course of White's employment.  Thus, Burks's failure to point to White's original complaint as a source of Scottsdale's duties is unlikely to have yielded a different result in this case.  Having failed to advance the argument that the original underlying complaint triggered Scottsdale's duties under the Policy, Burks has waived that argument.

Even if the Court were to find White's underlying lawsuit alleged "bodily injury" under the Policy, his claim would be excluded from coverage by the ERP Exclusion. The ERP Exclusion excludes from coverage claims for "bodily injury" to a person arising out of any "(b) Termination of that person's employment; or (c) Employment-related practices, policies, acts or omissions. . . ." ERP Exclusion ¶ A(1) (Doc. 39-1 at 35). White alleges that Burks terminated him for filing a workers' compensation claim. It can hardly be clearer that any "bodily injury" suffered because of this alleged retaliatory discharge—by definition, the wrongful termination of employment—arise out of the termination of White's employment *and* an employment-related practice or act. *See Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 697 (7th Cir. 2009) (finding claim for constructive discharge fell within a nearly identical ERP Exclusion). The facts White alleges fit squarely within the ERP Exclusion ¶ A(1).

Because it is clear from the pleadings in this case that the Policy does not cover claims for the injuries White alleges in the underlying lawsuit and, alternatively, that coverage for those claims is excluded by the ERP Exclusion for employment termination or other employment-related practices, Scottsdale has no duty to defend or indemnify Burks for the claims against him in White's underlying lawsuit. Therefore, Scottsdale is entitled to judgment on the pleadings pursuant to Rule 12(c). In light of this holding, the Court need not address any other arguments raised by the parties.

**IV.   Conclusion**

For the foregoing reasons, the Court:

- **GRANTS** Scottsdale's motion for judgment on the pleadings (Doc. 52) as to Counts III and IV;

- **DISMISSES without prejudice as moot** the alternative claims in Counts I and II in

7

light of the judgment on the pleadings awarded to Scottsdale for Counts III and IV; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly, including the following declaration:

    Under Commercial General Liability Policy No. CPS2152497, plaintiff Scottsdale Insurance Company has no duty to defend or indemnify its insured, defendant James Burks d/b/a Burks Hardwood Lumber, in the underlying lawsuit, *Robert White v. James Burks*, No. 2017-L-11, brought by defendant Robert White in the Circuit Court for the Fourth Judicial Circuit, Marion County, Illinois.

**IT IS SO ORDERED.**
**DATED:  January 4, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
